UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS J. LOMONICO, | Civil Action No. 17-6143-BRM-TJB |
| Plaintiff, | |
| v. | **OPINION** |
| SGT. PRESLEY, et al., | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Complaint of Plaintiff Thomas J. Lomonico ("Plaintiff") raising civil rights claims against the Ocean County Jail and several of the officials employed at the jail. (ECF No. 1.) Also before the Court is Plaintiff's application for leave to proceed *in forma pauperis*. (ECF No. 1-1.)

Having reviewed Plaintiff's application to proceed *in forma pauperis* and the accompanying affidavit and certified account statement setting forth Plaintiff's financial status, the Court finds that leave to proceed *in forma pauperis* is warranted. Accordingly, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND[1]

Plaintiff is a prisoner currently confined in the Ocean County Jail. (ECF No. 1 at 5-6.) On June 27, 2017, one of the guards at the jail, Defendant Sergeant Presley, came into Plaintiff's tier with a piece of legal mail addressed to Plaintiff. (*Id.*) In Plaintiff's presence, Presley opened this piece of legal mail, searched it, and provided the contents of the document to Plaintiff. (*Id.*) Presley apparently performed this contraband search by raising the papers within the envelope up to the light to check for hidden contents in full view of others on the tier. (*Id.*) Although Plaintiff was given his legal mail, Presley did not give him the envelope because, according to Plaintiff, the Warden of the jail created a rule prohibiting him from keeping it. (*Id.*) According to Plaintiff, this type of search, in which guards "hold the pages [of legal mail] up to the light in an attempt to see thr[ough] the pages for contraband" while "in very public areas or in hallways where cameras can very easily record each page" has "been an ongoing problem" in the jail. (*Id.* at 5.) However, Plaintiff does not allege any other specific instance of this occurring. Based on these allegations, Plaintiff seeks to bring civil rights claims against the jail, Sergeant Presley, and Warden Sandra Muller.

## II. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee. *See* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief

---

[1] The following factual allegations are taken from Plaintiff's Complaint (ECF No. 1) and are assumed to be true for the purposes of this Opinion.

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. This action is subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in this matter *in forma pauperis*.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. DECISION

Plaintiff in this matter seeks to brings claims against Defendants pursuant to 42 U.S.C. § 1983 for violations of his constitutional right to access to legal mail. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (noting that § 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). This Court construes Plaintiff's complaint to be raising a claim against Defendants for their alleged interference with his legal mail in violation of the First Amendment.

The federal courts have long recognized that "prisoners, by virtue of their incarceration, do not forego their First Amendment right to the use of the mails." *Nixon v. Sec'y Pennsylvania Dep't of Corr.*, 501 F. App'x 176, 177 (3d Cir. 2012) (quoting *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006)). Jails and prisons may, however, restrict a prisoner's access to the mails where such a restriction is rationally related to a legitimate state purpose. *Id.*; *see also Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987). Even given the legitimate security concerns that jails and prisons have with the importation of contraband, however, the Third Circuit has held that a pattern or practice of opening a prisoner's legal mail outside of his presence can violate a prisoner's rights to free speech and legal access to the courts under the First Amendment. *See Fontroy v. Beard*, 559 F.3d 173, 174-75 (3d Cir. 2009); *Jones*, 461 F.3d at 359; *see also Bieregu v. Reno*, 59 F.3d 1445 (3d Cir. 1995), *abrogated in part*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Oliver v. Fauver*, 118 F.3d 175, 178 (3d Cir. 1997) (observing that *Casey* had abrogated *Bieregu* to the extent that Casey requires a showing of actual injury in the form of a lost case or right to proceed before the courts in order for a plaintiff to make out a claim for denial of access to the courts.). This is because the opening of legal mail outside of an individual's presence "interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech." *Jones*, 461 F.3d at 359; *see also Fontroy*, 559 F.3d at 175. "[T]he only way to ensure that mail is not read when opened [for security purposes] is to require that it be done in the presence of the inmate to whom it is addressed." *Jones*, 461 F.3d at 359 (quoting *Bieregu*, 59 F.3d at 1456); *see also Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). Therefore, searches of prisoner legal mail in a prisoner's presence are constitutionally permissible because the "possibility that contraband will be enclosed in letters, even those from apparent attorneys, surely warrants prison officials' opening

5

the letters" and the presence of the inmate is a sufficient check on the possibility that prison officials could peruse the written contents of the legal mail in question. *Wolff*, 418 U.S. at 577.

In his current complaint, Plaintiff specifically alleges that, on at least one occasion, his legal mail was opened in his presence and held to the light so that prison officials, specifically Sergeant Presley, could determine whether any contraband was hidden in the mail. Plaintiff does not allege this occurred outside of his presence, nor does he allege Presley read any of the legal mail. The only alleged infraction of the privacy and security of his legal mail Plaintiff alleges is that others on his tier *may* have been able to see his mail during the inspection, and that it *could* have been captured on security cameras while his mail was being held up to the light during the security search.

According to the Complaint, Plaintiff's mail was searched only in his presence, a practice which the Court in *Wolff* held comports with, and perhaps even exceeds the requirements of, the Constitution. 418 U.S. at 577. Therefore, to the extent Plaintiff asserts Presley himself violated his rights by searching the mail in his presence, Plaintiff's complaint fails to state a claim for relief. Likewise, although Plaintiff attempts to suggest others may have seen his mail, or that cameras may have captured images of that mail while it was held up to the light, Plaintiff has provided no more than a speculative allegation that his private mail was exposed to others. Plaintiff has not pled anyone in fact *did* read his mail, or that the mail was specifically held in front of a camera so that its contents could be captured for later review. Therefore, Plaintiff has not pled facts sufficient to establish the existence of a pattern or policy of opening legal mail in a prisoner's presence established by the jail which violates his rights to free speech. Indeed, that Plaintiff was present during the search of his mail provided Plaintiff himself with ample opportunity to ensure that his legal mail was not read by jail officials. *Jones*, 461 F.3d at 359. Accordingly, Plaintiff's claim

regarding his legal mail fails to state a claim for which relief may be granted and is dismissed without prejudice.

Plaintiff also takes issue with an apparent policy of the jail setting forth that, while the jail's prisoners are entitled to the contents of their legal mail, they may not keep the envelopes in which their incoming legal arrived. (ECF No. 1 at 5). Plaintiff, however, is silent in his Complaint as to how he was in any way harmed by the confiscation of his envelope. The Complaint does not appear to assert that any of the contents of the envelope were seized, and instead asserts only that the envelope in which they were delivered was confiscated. This Court is aware of no cases establishing the seizure or confiscation of an envelope alone, as opposed the legal mail contained therein, impugns a prisoner's right to communication through the mail. Indeed, the rights that a classic First Amendment legal mail claim is designed to protect – the ability of a prisoner to securely and confidentially communicate with counsel and the courts – do not appear to be impugned in any substantial way through the confiscation of the envelope in which they were received. *See, e.g., Jones*, 461 F.3d at 359; *Fontroy*, 559 F.3d at 175. As Plaintiff has not pled any of the actual communications or contents of his legal mail were seized or specifically read by jail officials, and because this Court is aware of no case specifically providing for § 1983 liability based solely on the seizure of a legal mail envelope emptied of its contents, Plaintiff's envelope-related claims are dismissed without prejudice for failure to state a claim for which relief may be granted.[2]

## IV. CONCLUSION

---

[2] Although the Court need not reach the issue at this time as all of Plaintiff's claims are being dismissed without prejudice, the Court notes one of the named Defendants, the Ocean County Jail, is not a proper defendant in a § 1983 action. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015) (a county jail "is not a person amendable to suit" under § 1983, the appropriate defendant is instead the municipal entity which operates the jail).

For the reasons stated above, Plaintiff's application for leave to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim for which relief may be granted. Plaintiff may file an amended complaint within thirty days. Failure to do so will result in the Complaint being dismissed with prejudice without further action from the Court. An appropriate order will follow.

Dated:  May 24, 2018

 */s/ Brian R. Martinotti*             _____
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**